LAWRENCE G. BROWN
Acting United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>2006 TOYOTA TUNDRA SR-5 TRUCK,<br>VIN: 5TBDT44176S529821,<br>CALIFORNIA LICENSE NUMBER:<br>8C49361,<br><br>             Defendant. | 2:09-cv-00608 GEB/JFM<br><br>**STATUS REPORT AND REQUEST FOR STAY OF FURTHER PROCEEDINGS AND ORDER [PROPOSED]**<br><br>DATE: June 29, 2009<br>TIME: 9:00 a.m<br>COURTROOM: 10 |

Plaintiff United States of America submits the following Status Report, Request for Stay, and Proposed Order pursuant this Court's March 26, 2009, order. Plaintiff solicited input from claimant Richard Miller's attorney but got no response.

**a.   Service**:

The forfeiture complaint <u>in</u> <u>rem</u> was served on Richard Miller, the only individual believed to have an interest in the defendant property.

In addition, notice of this action was posted on the official government internet site, www.forfeiture.gov, for at least 30 consecutive days, beginning on March 17, 2009.

1

  **b.** **Possible joinder of additional parties:**

  Plaintiff does not anticipate joining additional parties, and the time for filing claims based on receiving notice of this forfeiture action via the internet publication has passed. Rule G(5)(a)(ii)(B) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides that a person other than one who has received direct notice of this action may file a claim within 60 days of the first day of publication on the internet site.

  **c.** **Any expected or desired amendment of pleadings:**

  None anticipated at this time.

  **d.** **Jurisdiction and venue:**

  This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355.  This Court has venue pursuant to 28 U.S.C. § 1395.

  **e.** **Anticipated motions and suggested dates:**

  In light of the request for a 6-month stay (see below), plaintiff does not request that motion dates be scheduled at this time.

  **f.** **Anticipated and outstanding discovery:**

  (1) What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under subdivision (a)(1) were made or will be made:

  (2) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues:

  (3) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure of the Local

          Rules, and what other limitations should be imposed:

As of the December 1, 2006, amendments to Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are now exempt from the initial disclosure requirements applicable to most other civil actions.  See Fed.R.Civ.P. 26(a)(1)(B)(ii).

In addition, rather than fully schedule this case at this time, plaintiff requests a 6-month stay of further proceedings in this matter.

The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 21 U.S.C. § 881(i).  The plaintiff contends that the defendant property was used to facilitate violations of the Controlled Substances Act because it was used to facilitate the cultivation of marijuana at claimant Miller's residence and the distribution of marijuana.  In addition, plaintiff contends the defendant property was purchased with the proceeds of marijuana trafficking.  Claimant Miller was indicted in this district (<u>U.S. v. Richard James Miller</u>, 2:08-cr-00452 GEB) on drug trafficking charges that are still pending.

If discovery proceeds in this action, the plaintiff will depose claimant Miller regarding his claim, his knowledge and participation, if any, in the marijuana operation, and his use of the defendant vehicle to make deliveries of marijuana.  Plaintiff will also question Miller about the source of funds he used to purchase the defendant property.  Claimant will then be placed in the difficult position of either invoking his Fifth Amendment right against self-incrimination and losing the ability to pursue his claim to the defendant property, or waiving his Fifth

3

Amendment right and potentially incriminating himself.  If he invokes his Fifth Amendment right, the plaintiff will be deprived of the ability to explore the factual basis for the claim he filed with this court.

In addition, plaintiff anticipates that claimant will depose the federal agents and Butte County deputies involved in the September 2008 execution of a federal search warrant at claimant Miller's residence and the discovery of more than 100 marijuana plants.  Allowing depositions of the law enforcement officers at this time would adversely affect the ability of federal authorities to prosecute the underlying criminal conduct.

Proceeding with this action at this time has potential adverse affects on the prosecution of the underlying criminal conduct and/or upon claimant's ability to prove his claim to the property and assert any defenses to forfeiture.  For these reasons, plaintiff requests that this matter be stayed for 6 months.  At that time the parties will advise the court of the status of the criminal investigation, if any, and will advise the court whether a further stay is necessary.

**g.  Scheduling of future proceedings, including suggested timing of the disclosure of expert witnesses and information required by Rule 26(a)(2), completion dates for discovery and law and motion, and dates for final pretrial conference and trial:**

In light of the requested stay, plaintiff asks that the case not be scheduled at this time.

**i.  Estimate of trial time:**

Plaintiff estimates that a trial of this matter would take no more than 3 days.

4

1     **j.**   **Appropriateness of special procedures:**

2     Not applicable.

3     **k.**   **Modification of standard pretrial procedures because of the relative simplicity or**
4           **complexity of the action or proceedings:**

5     Not applicable.

6     **l.**   **Whether the case is related to any other case, including any matters in bankruptcy:**
7

8     This case is related to <u>U.S. v. Richard James Miller</u>, 2:08-
9 cr-00452 GEB.

10     **m.**   **Prospects for settlement:**

11     Plaintiff is unable to assess the likelihood of settlement
12 at this time.

13     **n.**   **Any other matters that may add to the just and expeditious disposition of this matter:**
14

15     None.

16 DATED: June 15, 2009           LAWRENCE G. BROWN
                                  Acting United States Attorney
17

18
                        By:  <u>/s/ Kristin S. Door</u>
19                           KRISTIN S. DOOR
                          Assistant U.S. Attorney
20                           Attorneys for plaintiff
                          United States of America
21

22

23                       **ORDER**

24     For the reasons set forth above, this matter is stayed
25 pursuant to 18 U.S.C. §§ 981(g)(1) and 21 U.S.C. § 881(i) for six
26 months.

27     The scheduling conference scheduled for June 29, 2009, is
28 vacated and is rescheduled to January 19, 2010, at 9:00 a.m. A

joint status report is to be filed fourteen days prior to the hearing.

IT IS SO ORDERED.

Dated: June 16, 2009

_____
GARLAND E. BURRELL, JR.
United States District Judge