BENJAMIN B. WAGNER
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:09-CV-00608-GEB-JFM |
| Plaintiff, | ) ) | FINAL JUDGMENT OF FORFEITURE |
| v. | ) ) | |
| 2006 TOYOTA TUNDRA SR-5 TRUCK, VIN: 5TBDT44176S529821, CALIFORNIA LICENSE NUMBER: 8C49361, | ) ) ) ) ) | |
| Defendant. | ) ) | |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds as follows:

1. This is a civil forfeiture action against a 2006 Toyota Tundra SR-5 Truck, VIN: 5TBDT44176S529821, California License Number: 8C49361 (hereafter "defendant vehicle").

2. A Verified Complaint for Forfeiture In Rem ("complaint") was filed on March 4, 2009, alleging that said defendant vehicle is subject to forfeiture to the United States of America pursuant to 21 U.S.C. §§ 881(a)(6)) and 881(a)(4).

3. On or about March 12, 2009, the Clerk issued a Warrant for Arrest for the defendant vehicle, and that warrant

1 was duly executed on March 18, 2009.

2     4.  On or about March 13, 2009, Richard James Miller (hereafter "Miller") was personally served copies of the complaint, application and order for publication, warrant for arrest, order requiring joint status report, notice of availability of voluntary dispute resolution, notice of availability of magistrate judge, and notice of forfeiture action.  On or about March 16, 2009, the above-listed documents were served on Miller's attorney Lauren Cusick by certified mail number 7006 2150 0001 6370 4570.

    5.  On or about March 16, 2009, the above-listed documents were served on Toyota Motor Credit Corporation by certified mail number 7006 2150 0001 6370 4563.  On or about March 16, 2009, the above-listed documents were served on Toyota Financial Services by certified mail number 7006 2150 0001 6370 4556.  No claim has been filed on behalf of Toyota Motor Credit Corporation or Toyota Financial Services (collectively "Toyota") but Toyota remains the legal owner of the defendant vehicle pursuant to Miller's contract with Toyota dated May 14, 2006, until its loan is paid in full.

    6.  Beginning on March 17, 2009, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on April 20, 2009.

    7.  Miller filed a Verified Statement of Interest alleging that he is the owner of the defendant vehicle, and an Answer to Complaint for Forfeiture *In Rem*.  Miller represents that he is

1 | the sole registered owner of the defendant vehicle.
2 |     8.   No other parties have filed claims or answers in this
3 | matter and the time for which any person or entity may file a
4 | claim and answer has expired.
5 |     Based on the above findings, and the files and records of
6 | the Court, it is hereby ORDERED AND ADJUDGED:
7 |     1.   The Court adopts the Stipulation for Final Judgment of
8 | Forfeiture entered into by and between the parties to this
9 | action.
10 |    2.   That judgment is hereby entered against claimant Richard
11 | James Miller and all other potential claimants who have not filed
12 | claims in this action.
13 |    3.   All right, title and interest of Miller in the defendant
14 | vehicle shall be forfeited to the United States pursuant to 21
15 | U.S.C. §§ 881(a)(6)) and 881(a)(4).
16 |    4.   The U.S. Marshals Service (or a designee) shall sell the
17 | defendant vehicle.
18 |    5.   The following costs, expenses and distributions shall be
19 | paid from the sale proceeds of the vehicle in the following
20 | priority and to the extent funds are available:
21 |            (a)   The costs incurred by the U.S. Marshals
22 |                  Service to the date of sale of vehicle,
23 |                  including the cost of arrest, service,
24 |                  advertising, and maintenance.
25 |            (b)   The expenses involved in selling the
26 |                  vehicle.
27 |            (c)   To Toyota Financial Services, a sum not to
28 |                  exceed $6,000 to satisfy their lien.  As of

|    |    |    |
|---|---|---|
| 1  |    | February 18, 2010, the balance due and owing |
| 2  |    | was $5,894.80. The exact amount to be paid |
| 3  |    | to Toyota Financial Services shall be |
| 4  |    | determined at time of payment. |
| 5  | (d) | To the United States of America: the net |
| 6  |    | proceeds from the sale of the vehicle. All |
| 7  |    | right, title, and interest in said funds |
| 8  |    | shall be substituted for the defendant |
| 9  |    | vehicle and forfeited to the United States |
| 10 |    | pursuant to 21 U.S.C. §§ 881(a)(6)) and |
| 11 |    | 881(a)(4), to be disposed of according to |
| 12 |    | law. |

6. That plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the arrest, forfeiture, or sale of the defendant vehicle. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said arrest, forfeiture, or sale, as well as to those now known or disclosed. The parties waive the provisions of California Civil Code § 1542.

7. All parties are to bear their own costs and attorneys' fees.

8. Pending the sale of the defendant vehicle, and the disposition of the proceeds, the Court shall maintain

///
///
///

1 jurisdiction to enforce the terms of this Final Judgment of
2 Forfeiture.
3 Dated:  March 26, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge